1  Craig B. Whitney (SBN 217673)
   cwhitney@fkks.com
2  FRANKFURT KURNIT KLEIN + SELZ PC
   28 Liberty Street, 35th Floor
3  New York, NY 10005
   Telephone:    (212) 826-5583
4  Facsimile:    (212) 593-9175

5  Jessica R. Medina (SBN 302236)
   jmedina@fkks.com
6  FRANKFURT KURNIT KLEIN + SELZ PC
   2029 Century Park East, Suite 1060
7  Los Angeles, California 90067
   Telephone:    (310) 579-9600
8  Facsimile:    (310) 579-9650

9  Attorneys for Defendant SayGames, LLC

10

11            **UNITED STATES DISTRICT COURT**

12   **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

13

14  VOODOO SAS,                        | Case No. 3:19-cv-07480

15            Plaintiff,               | **NOTICE OF MOTION AND MOTION OF DEFENDANT SAYGAMES LLC TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**

16        vs.

17  SAYGAMES LLC,

18            Defendant.

19                                     | [*Filed concurrently with Declaration of Dzianis Vaihanski; Proposed Order*]

20

21                                     | Date:      April 30, 2020
                                       | Time:      9:00 a.m.
22                                     | Crtrm.:    3
                                       | Judge:     Hon. Beth Labson Freeman

23

24                                     | Trial Date:        TBD

25

26

27

28

*Frankfurt Kurnit* Klein + Selz PC
2029 Century Park East, Suite 1060
Los Angeles, California 90067
T (310) 579 9600

Frankfurt Kurnit Klein+Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2         **PLEASE TAKE NOTICE THAT** on April 30, 2020, at 9:00 a.m., or as soon thereafter as

3   counsel may be heard, in the courtroom of the Honorable Beth Labson Freeman, located in the

4   United States Courthouse, located at 280 South 1st Street, San Jose, California 95113, Defendant

5   SayGames LLC ("SayGames") will and hereby does move this Court to Dismiss Plaintiff Voodoo

6   SAS's ("Voodoo") Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim.

7         This Motion is made upon the following grounds:

8         1.      The Court lacks personal jurisdiction over SayGames.

9         2.      Voodoo has failed to state a claim for copyright infringement under the Copyright

10  Act (Count I), trade dress infringement under the Lanham Act (Count II), false advertising under

11  the Lanham Act (Count III), false advertising under California Business and Professions Code

12  § 17500 (Count IV), and unfair competition under California Business and Professions Code

13  § 17200 (Count V).

14        This Motion is based on this Notice of Motion, the attached Memorandum of Points and

15  Authorities, the Declaration of Dzianis Vaihanski filed concurrently herewith, all of the pleadings,

16  files, and records in this proceeding, all other matters of which the Court may take judicial notice,

17  and any argument or evidence that may be presented to or considered by the Court prior to its

18  ruling.

19

20  DATED:  February 18, 2020              FRANKFURT KURNIT KLEIN + SELZ PC

21

22                                    By:      */s/ Craig B. Whitney*
                                          _____
23                                           Craig B. Whitney
                                             Jessica R. Medina
24                                           Attorneys for Defendant SayGames, LLC

25

26

27

28

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

# <u>TABLE OF CONTENTS</u>

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

I.    INTRODUCTION...........................................................................................................1

        II.    SUMMARY OF RELEVANT ALLEGATIONS .....................................2

        III.    VOODOO FAILS TO CARRY ITS BURDEN OF SHOWING THAT SAYGAMES IS SUBJECT TO personal JURISDICTION ...........3

A.    SayGames is Not Subject to General Personal Jurisdiction in California ...............4

B.    SayGames is Not Subject to Specific Personal Jurisdiction in California .............4

        1.    SayGames Did Not Purposefully Direct Activities Toward California..........................................................................................5

            a)    Voodoo has not adequately alleged conduct expressly aimed at California. ....................................................................6

            b)    Voodoo has not adequately alleged harm. ...................................7

        2.    Voodoo's Claims Did Not Arise Out of SayGames's Forum-Related Activities ........................................................................8

        3.    Exercise of Specific Personal Jurisdiction is Not Reasonable ...................8

        IV.    VOODOO FAILS TO STATE A CLAIM AGAINST SAYGAMES ......10

A.    Voodoo Fails to State a Plausible Claim for Copyright Infringement .................10

        1.    Voodoo Fails to Allege Plausible Facts that SayGames Had Access to Shape Shifter 3D .....................................................................11

        2.    There Is No Substantial Similarity In the Protectable Expression of Shape Shifter 3D and Jelly Shift .............................................11

            a)    Copyright does not protect ideas or expression that merges with those ideas. ..................................................................12

            b)    Copyright does not protect scènes à faire flowing from the basic idea. ...................................................................13

            c)    Copyright does not protect game mechanics, rules, or common game elements. .......................................................14

            d)    Copyright does not protect elements that are not original to Voodoo. ...............................................................................15

            e)    Voodoo cannot show substantial similarity in any protectable expression. ...........................................................................16

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

B.   Voodoo's Remaining Claims are Preempted by the Copyright Act to the Extent They Rely on the Same Infringement Allegations .................................... 18

C.   Voodoo Fails to State a Plausible Claim for Trade Dress Infringement Under the Lanham Act ...................................................................... 19

D.   Voodoo Fails to State a Plausible Claim for False Advertising Under the Lanham Act ...................................................................................... 20

E.   Voodoo Fails to State a Plausible Claim for False Advertising Under California's False Advertising Law ......................................................... 22

F.   Voodoo Fails to State a Plausible Claim for Unfair Competition Under California's Unfair Competition Law ...................................................... 22

V.   CONCLUSION ................................................................................. 23

Frankfurt Kurnit Klein + Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anti-Monopoly, Inc. v. Gen. Mills Fun Grp.*,
611 F.2d 296 (9th Cir. 1979)................................................................14

*Apple Computer, Inc. v. Microsoft Corp.*,
35 F.3d 1435 (9th Cir. 1994)................................................................12

*Artec Group v. Klimov*,
Case No. 15-cv-03449-EMC, 2017 WL 5625934 (N.D. Cal. Nov. 22, 2017)............................8

*Asahi Metal Industry Co. v. Super. Ct. of Cal., Solano Cnty.*,
480 U.S. 102 (1987)................................................................8, 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................10

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017)................................................................5

*Batjac Prods. Inc. v. GoodTimes Home Video Corp.*,
160 F.3d 1223 (9th Cir. 1998)................................................................16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................10

*Bell v. Blaze Magazine*,
No. 99-12342, 2001 WL 262718 (S.D.N.Y. Mar. 16, 2001)................................................12

*Berkic v. Crichton*,
761 F.2d 1289 (9th Cir. 1985)................................................................13

*Bethea v. Burnett*,
No. CV04-7690JFWPLAX, 2005 WL 1720631 (C.D. Cal. June 28, 2005)..........................15

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*,
137 S.Ct. 1773 (2017)................................................................8

*Browne v. McCain*,
612 F. Supp. 2d 1118 (C.D. Cal. 2009)................................................................7

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)................................................................9

*Calder v. Jones*,
465 U.S. 783 (1984)................................................................5, 6

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

**Frankfurt Kurnit Klein + Selz** PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

*Capcom Co., Ltd. v. MKR Grp., Inc.*,
 No. C 08-0904 RS, 2008 WL 4661479 (N.D. Cal. Oct. 20, 2008) ..........................................14

*Capcom U.S.A., Inc. v. Data East Corp.*,
 No. C 93-3259 WHO, 1994 WL 17514182 (N.D. Cal. Mar. 16, 1994).....................................14

*Cavalier v. Random House, Inc.*,
 297 F.3d 815 (9th Cir. 2002)..........................................................................................10, 11

*Cel-Tech Comm. v. Los Angeles Cellular Tel. Co.*,
 20 Cal. 4th 163 (1999)..........................................................................................................23

*Chang v. Virgin Mobile USA, LLC*,
 2009 WL 111570 (N.D. Tex. Jan. 16, 2009)...........................................................................7

*Cisco Systems, Inc. v. Beccela's Etc., LLC*,
 403 F. Supp. 3d 813 (N.D. Cal. 2019) ................................................................................20

*Cleary v. News Corp.*,
 30 F.3d 1255 (9th Cir. 1994)................................................................................................22

*Coffen v. Home Depot U.S.A. Inc.*,
 No, 16-cv-03302-PJH, 2016 WL 4719273 (N.D. Cal. Sept. 9, 2016) ....................................22

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
 539 U.S. 23 (2003) ...............................................................................................................18

*Data East USA, Inc. v. Epyx, Inc.*,
 862 F.2d 204 (9th Cir. 1988).................................................................................................14

*Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*,
 84 F.3d 1143 (9th Cir. 1996)................................................................................................22

*Diamond Foods, Inc. v. Hottrix, LLC*,
 No. 14-cv-03162-BLF, 2016 WL 3880797 (N.D. Cal. July 18, 2016) ...................................13

*Dole Food Co., Inc. v. Watts*,
 303 F. 3d 1104 (9th Cir. 2002)......................................................................................5, 6, 9

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
 711 F. Supp. 2d 1074 (C.D. Cal. 2010).................................................................................21

*Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.*,
 499 U.S. 340 (1991) ...................................................................................................10, 15, 16

*Frybarger v. Int'l Bus. Machines Corp.*,
 812 F.2d 525 (9th Cir. 1987).........................................................................................12, 14

*Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*,
 462 F.3d 1071 (9th Cir. 2006)..............................................................................................11

Case No. 3:19-cv-07480

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

*Globefill, Inc. v. Elements Spirit, Inc.*,
   No. CV 10-2034 CBM (PLAx), 2010 WL 11458631, at *6 (C.D. Cal. June 22,
   2010) ..........................................................................................................................20

*Goes Int'l AB v. Wuzla*,
   No. CV 13-7102 PA, 2014 WL 12617386 (C.D. Cal. Apr. 7, 2014) ........................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ..................................................................................................4

*Harvey v. Bank of America, N.A.*,
   906 F. Supp. 2d 982 (N.D. Cal. 2012) ....................................................................10

*Helicopteros Nacionales de Colombia S.A. v. Hall*,
   466 U.S. 408 (1984) ..................................................................................................4

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*,
   326 U.S. 310 (1945) .............................................................................................3, 8

*Love v. Associated Newspapers*,
   611 F.3d 601 (9th Cir. 2010) ....................................................................................6

*Maloney v. T3Media, Inc.*,
   853 F.3d 1004 (9th Cir. 2017) ................................................................................18

*Martinez v. Aero Caribbean*,
   764 F.3d 1062 (9th Cir. 2014) ..................................................................................4

*Mattel, Inc. v. Greiner & Hausser GmbH*,
   354 F.3d 857 (9th Cir. 2003) ....................................................................................8

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ..................................................................................5

*McNeary-Calloway v. JP Morgan Chase Bank*,
   863 F. Supp. 2d 928 (N.D. Cal. 2012) ....................................................................22

*O'Connor v. Uber Techs., Inc.*,
   58 F. Supp. 3d 989 (N.D. Cal. 2014) ......................................................................10

*Omeluk v. Langsten Slip & Batbyggeri AI S*,
   52 F.3d 267 (9th Cir. 1995) ......................................................................................5

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ..................................................................................5

*Rice v. Fox Broad. Co.*,
   330 F.3d 1170 (9th Cir. 2003) ................................................................................13

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

Case No. 3:19-cv-07480

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

*Rosen v. Terapeak, Inc.*,
2015 WL 12724071 (C.D. Cal. Apr. 28, 2015) ..........................................................7

*Satava v. Lowry*,
323 F.3d 805 (9th Cir. 2003) ..........................................................13

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ..........................................................3, 5, 6

*Seals-McClellan v. Dreamworks, Inc.*,
120 Fed. App'x 3 (9th Cir. 2004) ..........................................................11

*Smart Inventions, Inc. v. Allied Commc'ns Corp.*,
94 F. Supp. 2d 1060 (C.D. Cal. 2000) ..........................................................12

*Smith & Hawken, Ltd. v. Gardendance, Inc.*,
No. C04-1664 SBA, 2004 WL 2496163, at *3 (N.D. Cal. Nov. 5, 2004) ..........................................................20

*Southland Sod Farms v. Stover Seed Co.*,
108 F.3d 1134 (9th Cir. 1997) ..........................................................20, 21

*Spry Fox LLC v. LOLApps Inc.*,
No. 2:12-cv-00147-RAJ, 2012 WL 5290158 (W.D. Wash. Sept. 18, 2012) ..........................................................14, 20

*Stephen W. Boney, Inc., v. Boney Servs., Inc.*,
127 F.3d 821 (9th Cir. 1997) ..........................................................19

*Swirsky v. Carey*,
376 F.3d 841 (9th Cir. 2004) ..........................................................11

*Team Play, Inc. v. Boyer*,
391 F. Supp. 2d 695 (N.D. Ill. 2005) ..........................................................14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ..........................................................10

*Terracom v. Valley Nat. Bank*,
49 F.3d 555 (9th Cir. 1995) ..........................................................9

*Tetris Holding, LLC v. Xio Interactive, Inc.*,
863 F. Supp. 2d 394 (D.N.J. 2012) ..........................................................14

*Thiring v. Borden*,
No. CIV. 06-759-AA, 2007 WL 1875656 (D. Or. June 27, 2007) ..........................................................9

*TreeFrog Developments, Inc. v. Seidio*,
No. 13-cv-0158-IEG, 2013 WL 4028096 (S.D. Cal. Aug. 6, 2013) ..........................................................23

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ..........................................................21

Frankfurt Kurnit Klein + Selz PC
28/29 Century Park East, Suite 10 60 N
Los Angeles, California 90067
P (310) 579 9600

Case No. 3:19-cv-07480
NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

*Walden v. Fiore*,
    571 U.S. 277 (2014) .................................................................................................4

*Weiss v. DreamWorks SKG*,
    No. CV 14-02890-DDP, 2015 WL 12711658 (C.D. Cal. Feb. 9, 2015) ....................11

*Zella v. E.W. Scripps Co.*,
    529 F. Supp. 2d 1124 (C.D. Cal. 2007) ...................................................................11

*Zherebko v. Reutskyy*,
    No. C 13-00843 JSW, 2013 WL 4407485 (N.D. Cal. Aug. 12, 2013) .......................6

**Statutes**

17 U.S.C. § 102(b) ...................................................................................................12

Cal. Code Civ. P. § 410.10 ..........................................................................................3

California Business and Professions Code § 17200..................................18, 22, 23

California Business and Professions Code § 17500..................................................22

Copyright Act .............................................................................................. *passim*

Lanham Act ................................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 4(k) ....................................................................................................3

Fed. R. Civ. P. 9(b) ...........................................................................................20, 21

Fed. R. Civ. P. 12(b) ........................................................................................10, 23

U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 906.1
    (3d ed. 2017), https://www.copyright.gov/comp3/docs/compendium.pdf...............16

U.S. Copyright Office, *Copyright Registration of Games*,
    http://www.copyright.gov/fls/fl108.pdf ...................................................................16

**Frankfurt Kurnit Klein + Selz** PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579-9600

Case No. 3:19-cv-07480

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

1

Frankfurt Kurnit Klein+Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Voodoo cannot prevent SayGames from competing in the mobile video game market by dragging SayGames halfway around the globe and asserting a litany of baseless claims for copyright infringement, trade dress infringement, false advertising, and related unfair competition violations.   SayGames—a Belarusian corporation with its principal place of business in Belarus—sells the mobile video game app *Jelly Shift*, a "hyper casual" game where a player moves a game piece down a path and attempts to avoid simple obstacles.  Voodoo accuses SayGames of unlawfully copying Voodoo's *Shape Shifter 3D* game because both games purportedly have similar game mechanics and share certain common elements—elements that are ubiquitous among many "hyper casual" games and that, like game mechanics, are not proprietary.  Facing this fatal legal shortcoming and the others mentioned below, Voodoo seeks to hale SayGames into court in California, despite SayGames's lack of any physical presence in California and failure to commit any acts directed at California to create the requisite "substantial connection" that would allow this Court to exercise personal jurisdiction over SayGames.  Voodoo's basis for asserting California jurisdiction rests entirely on the fact that *Jelly Shift* is available on the Apple App Store and the Google Play Store, and Apple and Google happen to have California headquarters.  That attenuated connection, however, has been routinely rejected as sufficient to satisfy due process requirements for personal jurisdiction.  For this reason alone, the Court must dismiss Voodoo's claims against SayGames.

Voodoo's claims also lack substantive merit.  ***First***, Voodoo's copyright infringement claim fails because, as the Court can readily observe, any alleged similarities between *Shape Shifter 3D* and *Jelly Shift* involve ideas, the merger of ideas and expression, scènes à faire, game mechanics, and/or unoriginal concepts, none of which are protected under copyright law.  In fact, a straightforward comparison between the two games demonstrates that the games lack substantial similarity with respect to any protectable expression covered under the Copyright Act.

1    **Second**, Voodoo's trade dress infringement claim, which is based on the *Shape Shifter 3D*

2    icon, must be dismissed because Voodoo fails to establish that its icon is distinctive or plausibly

3    demonstrate a likelihood of confusion between the two app icons.

4    **Third**, as to its Lanham Act false advertising claim, Voodoo fails to plead even the most

5    basic elements of a factual misstatement and materiality, much less with the particularity required.

6    Nor has Voodoo pled factual allegations establishing any of the other requisite elements.

7    Voodoo's state law false advertising claim fails for the same reasons.

8    **Finally**, Voodoo's state law unfair competition claim fares no better.  In addition to

9    copyright preemption, the companion unfair competition claim is not sufficiently pled and is

10   subject to dismissal on that basis as well.

11   Ultimately, no amendment to the Complaint can change the content of the games at issue

12   or alter the inescapable conclusion that each of Voodoo's claims is foreclosed as a matter of law.

13   Accordingly, the Court should dismiss the Complaint with prejudice.

14   **II.      SUMMARY OF RELEVANT ALLEGATIONS**

15   Voodoo is a French company that has its principal place of business in France.  *See*

16   Complaint ("Compl.") ¶ 7.  Voodoo purports to be a mobile video game developer and publisher.

17   (Compl. ¶ 2.)  It claims to have developed a niche in the area of mobile gaming referred to as

18   "hyper casual games."  (*Id.* ¶ 13.)

19   SayGames is a Belarusian company with its principal place of business in Belarus.  (*Id.*

20   ¶ 8.)  SayGames is also a mobile video game developer and publisher in the "hyper casual"

21   gaming market.  (*Id.* ¶ 24.)

22   The "hyper casual" genre "is a growing, but heavily competitive market."  (*Id.* ¶ 15.)

23   These types of games are enticing to players because they are easy to learn given their simplistic

24   concepts and gameplay.  (*Id.* ¶ 14.)  Moreover, in contrast to traditional video games, because of

25   their fundamental simplicity, hyper casual games allow players to instantly play games in short

26   durations.  (*Id.*)

27   Among the myriad hyper casual games currently available are Voodoo's *Shape Shifter 3D*

28   and SayGames's *Jelly Shift*.  Voodoo released its *Shape Shifter 3D* on the Apple App Store on

**Frankfurt Kurnit Klein + Selz** PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

2

Case No. 3:19-cv-07480

1   May 23, 2019.  (*Id.* ¶ 19.)  Voodoo claims to have a United States copyright in *Shape Shifter 3D*,

2   with an effective date of registration of October 11, 2019.  (*Id.* ¶ 22, Ex. A.)

3          *Shape Shifter 3D* "tasks players with navigating a dynamic, animated, quadrangular avatar

4   along a 3D scrolling path."  (*Id.* ¶ 20.)  As with all mobile games, players use their fingers to

5   control the action on the screen, progressing down the path by manipulating the shape of the

6   avatar in order to pass through obstacles.  (*Id.*)  Along the way, players can attempt to collect

7   tokens redeemable to unlock rewards.  (*Id.*)  A player completes a level by reaching the finish line

8   at the end of the path without hitting any obstacles.  (*Id.*)

9          SayGames introduced *Jelly Shift* on the Apple App Store on June 7, 2019, and the Google

10  Play Store on August 13, 2019.  (*Id.* ¶ 27.)  Based on purported similarities between *Shape Shifter*

11  *3D* and *Jelly Shift*, Voodoo (based in France) filed suit against SayGames (based in Belarus) in the

12  Northern District of California, alleging claims for copyright infringement, trade dress

13  infringement and false advertising under the Lanham Act, and false advertising and unfair

14  competition under California state law.

15  **III.    VOODOO FAILS TO CARRY ITS BURDEN OF SHOWING THAT**

16  **SAYGAMES IS SUBJECT TO PERSONAL JURISDICTION**

17         Personal jurisdiction over a non-resident defendant is proper only if the forum state's long-

18  arm statute and the Constitution permit jurisdiction.  *See* Fed. R. Civ. P. 4(k).  California's long-

19  arm statute extends jurisdiction to the maximum extent permitted by due process.  *See* Cal. Code

20  Civ. P. § 410.10.  Due process, in turn, permits personal jurisdiction over a defendant that has

21  sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction "does not

22  offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. State of Wash.,*

23  *Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

24         The plaintiff bears the burden of demonstrating that jurisdiction is appropriate.

25  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  There are two

26  recognized bases for exercising personal jurisdiction over a non-resident defendant: (1) "general

27  jurisdiction," which arises when the defendant's activities in the forum state are sufficiently

28  "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over the

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

                                        3                    Case No. 3:19-cv-07480

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

1   defendant in all matters; and (2) "specific jurisdiction," which arises when a plaintiff can establish

2   that the present claims arose directly from the defendant's California-related activities.  *See*

3   *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).  Neither general

4   jurisdiction nor specific jurisdiction is appropriate here.

5               **A.     SayGames is Not Subject to General Personal Jurisdiction in California**

6       A court may exercise general personal jurisdiction over a corporation that is a party to an

7   action only if the corporation has sufficient contacts with the state to be "at home" there.

8   *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  When determining

9   where a corporation is "at home," the corporation's place of incorporation and principal place of

10  business are almost always dispositive on the issue:  "Only in an 'exceptional case' will general

11  jurisdiction be available anywhere else."  *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th

12  Cir. 2014).

13      Here, this Court does not have general personal jurisdiction over SayGames because

14  SayGames is indisputably not "at home" in California.  Voodoo acknowledges that SayGames is a

15  foreign company that is incorporated and headquartered in Belarus.  Compl. ¶ 8; Declaration of

16  Dzianis Vaihanski ("Vaihanski Decl.") ¶ 2.  SayGames's executive management and employees

17  operate in Belarus.  Vaihanski Decl. ¶ 3.  SayGames has no offices in California (*id.* ¶ 4); has not

18  appointed an agent for service of process in California (*id.* ¶ 5); and does not have a California

19  bank account (*id.* ¶ 6).

20      SayGames is "at home" in Belarus, not California.  There is no suggestion that this is an

21  "exceptional case" justifying jurisdiction in California.  Thus, the Court does not have general

22  personal jurisdiction over SayGames.

23              **B.     SayGames is Not Subject to Specific Personal Jurisdiction in California**

24      Voodoo has also failed to establish that the Court has specific personal jurisdiction over

25  SayGames.  The exercise of specific jurisdiction is consistent with due process only if

26  SayGames's individual "suit-related conduct . . . create[d] a substantial connection with the forum

27  state."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  To establish specific jurisdiction over a

28  nonresident defendant: "(1) the defendant must either purposefully direct his activities toward the

4                                           Case No. 3:19-cv-07480

1   forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the

2   claim must be one which arises out of or relates to the defendant's forum-related activities; and (3)

3   the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be

4   reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017)

5   (internal quotations omitted) (*citing Dole Food Co., Inc. v. Watts*, 303 F. 3d 1104, 1111 (9th Cir.

6   2002)).  "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive

7   the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri AI S*, 52 F.3d 267,

8   270 (9th Cir. 1995).  Importantly, the "plaintiff bears the burden of satisfying the first two prongs"

9   of this analysis.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).  If the plaintiff

10  satisfies the first two prongs, the burden shifts to the defendant to "present a compelling case" that

11  the exercise of specific personal jurisdiction in the forum state would be unreasonable.

12  *Schwarzenegger*, 374 F.3d at 802.  Here, none of the requirements are satisfied—let alone all

13  three.

14                          1.    <u>*SayGames Did Not Purposefully Direct Activities Toward California*</u>

15         Voodoo must demonstrate that SayGames either purposefully availed itself of the

16  privileges and laws of California or purposefully directed its activities toward California.

17  *Schwarzenegger*, 374 F.3d at 802.  For claims sounding in tort, like copyright actions, the Ninth

18  Circuit generally applies the purposeful direction test, also referred to as the "express aiming" or

19  "effects" test, derived from *Calder v. Jones*.[1]  *See Mavrix Photo, Inc. v. Brand Technologies, Inc.*,

20  647 F.3d 1218, 1228 (9th Cir. 2011) (copyright infringement is "a tort-like cause of action" and,

21  thus, purposeful direction is the proper test).  For a finding of purposeful direction under *Calder*, a

22  defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, that

23  (3) caused harm that the defendant knows is likely to be suffered in the forum state.  *Dole Food*

24  *Co.*, 303 F.3d at 1111; *see generally Calder v. Jones*, 465 U.S. 783 (1984).  All three requirements

25  must be satisfied for a finding that a defendant purposefully directed its activities to the forum

26  _____

27  [1] The purposeful availment test is typically applied in cases sounding in contract.  *See*
    *Schwarzenegger*, 374 F.3d at 802.  Even if that test applied, however, SayGames has not availed

28  itself of the benefits and protections of California law.

Case No. 3:19-cv-07480
NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

1   state.  *Schwarzenegger*, 374 F.3d at 805.  Voodoo fails to satisfy the second and third *Calder*

2   requirements and, therefore, has failed to establish purposeful direction.

3                             a)      <u>Voodoo has not adequately alleged conduct expressly aimed</u>

4                                      <u>at California.</u>

5        The Ninth Circuit has found that the express aiming requirement "is satisfied when 'the

6   defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the

7   defendant knows to be a resident of the forum state.'"  *Dole Food Co.*, 303 F.3d at 1111 (*quoting*

8   *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).  Where, as

9   here, the victim of a claim of misuse of intellectual property is not a resident of California, even

10  intentional misuse of intellectual property is not "expressly aimed" at California.  *Love v.*

11  *Associated Newspapers*, 611 F.3d 601, 609 n.4 (9th Cir. 2010).

12       The analysis in *Zherebko v. Reutskyy*, No. C 13-00843 JSW, 2013 WL 4407485 (N.D. Cal.

13  Aug. 12, 2013), is instructive.  There, a Ukraine resident brought a copyright infringement action

14  in the Northern District of California against another European resident for allegedly distributing a

15  copyrighted game through Apple and Google.  The plaintiff alleged the court had personal

16  jurisdiction over the foreign defendant because the defendant allegedly consented to venue and

17  jurisdiction in California when registering an application with Apple.  *Id.*, at *1.  The court

18  disagreed and declined to find personal jurisdiction, reasoning that the plaintiff's non-residency in

19  California precluded a finding of "express aiming" and, thus, specific personal jurisdiction.

20  "Zherebko is not a resident of California . . . . ***Therefore, even if Defendants intentionally***

21  ***misused Zherebko's intellectual property, this intentional act is not 'expressly aimed' at anyone***

22  ***in California.***"  *Zherebko*, 2013 WL 4407485 at *3 (emphasis added).  Likewise, Voodoo is a

23  resident of France that appears to have little or no physical presence in California.  (Compl. ¶ 7.)

24       Voodoo's basis for claiming personal jurisdiction over SayGames hinges on the argument

25  that SayGames sells its products through app stores operated by Google and Apple, and those

26  companies happen to be headquartered in California.  (Compl. ¶ 10.)  Third-party Google's and

27  Apple's California presence, however, is not enough for SayGames to have expressly aimed its

28  activities at California.  Indeed, this argument has been rejected previously on virtually identical

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Frankfurt Kurnit Klein+Selz rc
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

1   facts.  In *Goes Int'l AB v. Wuzla*, No. CV 13-7102 PA, 2014 WL 12617386 (C.D. Cal. Apr. 7,

2   2014), a Swedish company sued a Chinese company in California, alleging that the defendant's

3   mobile app "Bubble Shoot"—which defendant distributed through Google Play, Apple's App

4   Store, and Amazon—infringed plaintiff's copyright by copying its "Bubble Bust" app.  *Id.* at *1.

5   The plaintiff argued that the foreign defendant's contacts with Google and Apple, both

6   headquartered in California, were sufficient to confer personal jurisdiction over the defendant.  *Id.*

7   The district court nevertheless rejected this "highly dubious proposition."  *Id.*

8          The "fortuitous presence of a server" or contacts with California-based technology

9   companies that are not parties to the litigation—such as Google and Apple here—are not enough

10   to confer personal jurisdiction in California over a non-resident defendant.  *See Rosen v. Terapeak,*

11   *Inc.*, 2015 WL 12724071, at *9 (C.D. Cal. Apr. 28, 2015) (availability of an app in California-

12   based Apple's App Store, the use of California-based eBay servers, and a license from eBay were

13   insufficient to confer personal jurisdiction in California); *Browne v. McCain*, 612 F. Supp. 2d

14   1118, 1124 (C.D. Cal. 2009) (relationship with California-based YouTube and presence of

15   YouTube servers in California insufficient to confer personal jurisdiction in California); *Chang v.*

16   *Virgin Mobile USA, LLC*, 2009 WL 111570, at *3 (N.D. Tex. Jan. 16, 2009) (plaintiffs "cannot

17   rely on the fortuitous location of Flickr's servers to establish personal jurisdiction" over a

18   defendant).  SayGames's use of Google Play and Apple's App Store to distribute its allegedly

19   infringing *Jelly Shift* application is, accordingly, not an action expressly aimed at California.

20                              b)      Voodoo has not adequately alleged harm.

21          *Calder*'s purposeful direction test also requires Voodoo to show that SayGames knew that

22   jurisdictionally sufficient harm was likely to be suffered in California.  Voodoo alleges that

23   "SayGames has directed its unlawful activities at Voodoo, knowing and intending that Voodoo

24   would be harmed by SayGames's conduct in the United States and primarily in the State of

25   California specifically."  (Compl. ¶ 10.d.)  Such generalized allegations, without more, are

26   insufficient to show what harm SayGames knew was likely to be suffered in California.  Nor does

27   Voodoo allege what California harm it has even suffered.

28          SayGames, therefore, did not purposefully direct its activities toward California.

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

**Frankfurt Kurnit Klein + Selz** PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

2.   *Voodoo's Claims Did Not Arise Out of SayGames's Forum-Related Activities*

Voodoo has also failed to plead that its claims arise out of or relate to any activities by SayGames that were purposefully directed toward California.  In the Ninth Circuit, a plaintiff must demonstrate that "but for" the defendant's forum-related contacts, plaintiff's claim would not have arisen.  *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003).  Specific jurisdiction also requires that there be an "affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum state."  *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 137 S.Ct. 1773, 1780 (2017) (*citing Goodyear*, 564 U.S. at 919).  Accordingly, the "focus [is] on where the 'relevant conduct' took place, not just the fact that the conduct affected plaintiffs with connections to the forum state."  *Artec Group v. Klimov*, Case No. 15-cv-03449-EMC, 2017 WL 5625934, at *3 (N.D. Cal. Nov. 22, 2017).

Voodoo has failed to plead a direct nexus with California sufficient to confer jurisdiction. Voodoo alleges in conclusory fashion only that SayGames: distributes *Jelly Shift* through Apple and Google, entered into agreements with Apple and Google, and collects revenues derived from in-app advertising and purchases.  (Compl. ¶ 10.)  None of the "relevant conduct" by SayGames took place in California.  All of the acts alleged in the Complaint occurred in Belarus.

3.   *Exercise of Specific Personal Jurisdiction is Not Reasonable*

Finally, in addition to Voodoo's failure to establish that SayGames purposefully directed activities toward California and that Voodoo's claims arise out of SayGames's California-related contacts, the exercise of specific jurisdiction over SayGames would not comport with fair play and substantial justice.  *See Int'l shoe Co.*, 326 U.S. at 316.  The touchstone of the constitutional inquiry is whether the defendant's conduct and connection with the forum state are such that the defendant should reasonably anticipate being haled into court there.  *See Asahi Metal Industry Co. v. Super. Ct. of Cal., Solano Cnty*, 480 U.S. 102, 113-16 (1987).  This is because "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."  *Id*. at 114.

8                    Case No. 3:19-cv-07480

Frankfurt Kurnit Klein + Selz PC

28/29 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

1    Seven factors are considered in determining whether the exercise of jurisdiction comports

2  with fair play and substantial justice: "(1) the extent of defendant's purposeful injection into the

3  forum state's affairs; (2) the burden on defendant of defending in the forum; (3) the extent of

4  conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the

5  dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the

6  forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an

7  alternative forum." *Dole Food Co.*, 303 F.3d at 1114.  The weaker the plaintiff's showing of

8  purposeful availment and relatedness to the forum-related acts, the less a defendant need show in

9  terms of unreasonableness to defeat jurisdiction.  *See Burger King Corp. v. Rudzewicz*, 471 U.S.

10  462, 477 (1985).  Jurisdiction will rarely subsist where all parties are foreign nationals and the

11  litigation relates to claims arising overseas.  In such cases, the plaintiff's and forum's interests are

12  "slight" and the exercise of local jurisdiction would be "unreasonable and unfair." *Asahi*, 480 U.S.

13  at 114.

14    As discussed above, SayGames has not purposefully directed any activities toward

15  California.  *See Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (this factor

16  "weighs heavily" in defendant's favor).  SayGames's witnesses and evidence exist largely

17  overseas and it would be a heavy burden for SayGames to litigate in the U.S.  Vaihanski Decl. ¶ 7.

18  Furthermore, it would be unfair to haul SayGames into California merely because it distributes a

19  mobile app that users can access anywhere in the world, including in the U.S.  *See, e.g.*, *Thiring v.*

20  *Borden*, No. CIV. 06-759-AA, 2007 WL 1875656, at *8 (D. Or. June 27, 2007) (exercise of

21  jurisdiction was unreasonable where defendant "has not interjected itself into this forum" and the

22  burden on the defendant "would be great, given its status as a foreign corporation and lack of

23  presence in the United States").  California has little interest in adjudicating a dispute between a

24  non-resident, foreign plaintiff and a non-resident, foreign defendant.  *See Asahi*, 480 U.S. at 115

25  ("Because the plaintiff is not a California resident, California's legitimate interests in the dispute

26  have considerably diminished.").  Nor is California important to Voodoo's interest in convenient

27  and effective relief.  To the contrary, the most efficient judicial resolution of the controversy

28  would be to proceed in the alternative forum of Belarus.

9                                                    Case No. 3:19-cv-07480

Frankfurt Kurnit Klein+Selz rc

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P. (310) 579 9600

1  Accordingly, the Complaint against SayGames should be dismissed for lack of personal

2  jurisdiction under Rule 12(b)(2).

3  **IV.    VOODOO FAILS TO STATE A CLAIM AGAINST SAYGAMES**

4  Dismissal is also appropriate under Rule 12(b)(6) if a complaint lacks a cognizable theory

5  or lacks sufficient facts to support a cognizable legal theory.  Fed. R. Civ. Proc. 12(b)(6); *Harvey*

6  *v. Bank of America, N.A.,* 906 F. Supp. 2d 982, 988 (N.D. Cal. 2012).  Although a court is obliged

7  to accept all factual allegations in the complaint as true, allegations that are no more than

8  conclusions "are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

9  (2009).  A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more

10  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

11  do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

12  When ruling on a motion to dismiss, courts may consider, in addition to the complaint,

13  documents that the complaint attaches or incorporates by reference into the complaint, as well as

14  any matter that is subject to judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

15  308, 322 (2007); *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 995 (N.D. Cal. 2014).

16  SayGames respectfully requests that the Court take judicial notice of and consider the parties'

17  competing works referenced throughout the Complaint.[2]

18  **A.    Voodoo Fails to State a Plausible Claim for Copyright Infringement**

19  A viable copyright infringement claim requires "(1) ownership of a valid copyright; and

20  (2) copying constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tele.*

21  *Serv. Co.*, 499 U.S. 340, 361 (1991).  Absent direct evidence of copying, proof of infringement

22  involves fact-based showings that "the infringer had access to plaintiff's copyrighted work and

23  that the works at issue are substantially similar in their protected elements."  *Cavalier v. Random*

24  *House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

25

26

27  [2] The parties' mobile apps are most readily available from a mobile device at:
https://apps.apple.com/us/app/shape-shifter-3d/id1464888120 (Shape Shifter 3D) and

28  https://apps.apple.com/us/app/jelly-shift/id1467252438 (Jelly Shift).

10

Case No. 3:19-cv-07480
NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

Frankfurt Kurnit Klein+Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P. (310) 579 9600

1.   _Voodoo Fails to Allege Plausible Facts that SayGames Had Access to_ Shape Shifter 3D

Voodoo's copyright claim fails because it does not adequately allege access to its copyrighted work.  Voodoo does not allege that it sent _Shape Shifter 3D_ to anyone involved in the creation of _Jelly Shift_, or any facts to suggest that anyone responsible for _Jelly Shift_ ever saw _Shape Shifter 3D_.  Instead, Voodoo speculates that SayGames had access to _Shape Shifter 3D_ based on the vague allegation that _Shape Shifter 3D_ enjoyed "widespread popularity."  (Compl. ¶ 63.)  Yet a "bare possibility of access is insufficient to sustain a copyright infringement claim." _Seals-McClellan v. Dreamworks, Inc._, 120 Fed. App'x 3, 4 (9th Cir. 2004).  Voodoo also alleges that _Shape Shifter 3D_ was available for sale through the Apple App Store (Compl. ¶ 19), but this is also insufficient to allege access.  _See Weiss v. DreamWorks SKG_, No. CV 14-02890-DDP, 2015 WL 12711658, at *5 (C.D. Cal. Feb. 9, 2015) (finding that plaintiff's allegation that she posted her works online was insufficient to allege access because "[p]osting something on the internet does not by itself constitute wide dissemination").  For this reason alone, Voodoo's copyright infringement claim should be dismissed.

2.   _There Is No Substantial Similarity In the Protectable Expression of_ Shape Shifter 3D _and_ Jelly Shift

Regardless, the Court can, and should, determine as a matter of law that _Jelly Shift_ is not substantially similar to the _protected elements_ of _Shape Shifter 3D_—of which there are few.  The Ninth Circuit applies a two-part analysis of substantial similarity: "an objective extrinsic test and a subjective intrinsic test."  _Swirsky v. Carey_, 376 F.3d 841, 845 (9th Cir. 2004).  The extrinsic test "considers whether two works share a similarity of ideas and expression as measured by external, objective criteria."  _Id._  The intrinsic test then considers whether "subjectively the 'ordinary, reasonable person' would find the total concept and feel of the [two works] to be substantially similar'" or virtually identical.  _Id._ at 847 (_quoting Three Boys Music Corp. v. Bolton_, 212 F.3d 477, 485 (9th Cir. 2000)).

On a motion to dismiss, only the extrinsic test is assessed because the intrinsic test "is exclusively the province of the jury."  _Funky Films, Inc. v. Time Warner Entertainment Co., L.P.,_

11

Case No. 3:19-cv-07480

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1  462 F.3d 1072, 2077 (9th Cir. 2006); *see also Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124,

2  1133 n.8 (C.D. Cal. 2007) ("Only the extrinsic test is assessed prior to a jury trial . . . ."). In

3  applying the extrinsic test, "a court must filter out and disregard the nonprotectable elements in

4  making its substantial similarity determination." *Cavalier*, 297 F.3d at 822. Indeed, the party

5  claiming infringement "may place no reliance upon any similarity in expression resulting from

6  unprotectable elements." *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir.

7  1994) (internal quotations omitted). If a court concludes that "no reasonable jury could find that

8  the works are substantially similar, or if it concludes that the similarities pertain only to

9  unprotected elements of the work, it is appropriate for the court to dismiss the action because, as a

10 matter of law, there is no copyright infringement." *Bell v. Blaze Magazine*, No. 99-12342, 2001

11 WL 262718, at *3 (S.D.N.Y. Mar. 16, 2001).

12      To conclude that *Shape Shifter 3D* and *Jelly Shift* are not substantially similar, the Court

13 need look no further than the works themselves. Voodoo cannot identify any similarity—much

14 less substantial similarity—between the works with respect to any ***protected element*** of *Shape

15 Shifter 3D*.[3] Rather, the few similarities Voodoo has alleged are driven by the ***unprotectable idea***

16 of a "color- and physics-based navigational game." Compl. ¶ 40.

17          a)     Copyright does not protect ideas or expression that merges

18                 with those ideas.

19      While video game apps are entitled to copyright protection, many elements of the game are

20 not protectable. "It is an axiom of copyright law that ideas are not protected." *Smart Inventions,

21 Inc. v. Allied Commc'ns Corp.*, 94 F. Supp. 2d 1060, 1066 (C.D. Cal. 2000); *see also* 17 U.S.C.

22 § 102(b) ("In no case does copyright protection for an original work of authorship extend to any

[3] Although courts ordinarily apply the "substantial similarity" standard to adjudicate infringement, where the alleged similarities consist primarily of unprotectable elements or are capable of only a narrow range of expression, then a court must apply a "virtual identity standard" when comparing the works. *Apple Computer*, 35 F.3d at 1439; *see also Frybarger v. Int'l Bus. Machines Corp.*, 812 F.2d 525, 530 (9th Cir. 1987) (copyright in a video game was protected "only against virtually identical copying"). Voodoo cannot establish substantial similarity, let alone virtual identity, between any protectable element of *Shape Shifter 3D* and *Jelly Shift*.

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1   idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless

2   of the form in which it is described, explained, illustrated, or embodied in such work.").  Under

3   the closely related doctrine of merger, "courts will not protect a copyrighted work from

4   infringement if the idea underlying the copyright work can be expressed in only one way, lest

5   there be a monopoly on the underlying idea." *Satava v. Lowry*, 323 F.3d 805, 812 n.5 (9th Cir.

6   2003).

7           Voodoo is claiming ownership over the idea of a navigational game, the objective of which

8   is to move an avatar from one end of a path to another.  (Compl. ¶ 37.)  Not only is this idea

9   unoriginal (as discussed below), it is uncopyrightable even if Voodoo were the first to think of it.

10  Moreover, because there are only a limited number of ways to portray this basic idea, the

11  expression merges with the idea and is likewise unprotectable.  *See Rice v. Fox Broad. Co.*, 330

12  F.3d 1170, 1177 (9th Cir. 2003) (there are "only a finite number of ways to reveal the secrets

13  behind magic tricks, and the perform and reveal sequence is the most logical 'expression' of this

14  idea," thus rendering that sequence unprotectable).

15          Before comparing *Shape Shifter 3D* and *Jelly Shift*, therefore, the Court must filter out any

16  similarities between them based on the shared basic idea of a navigational game.

17                        b)    <u>Copyright does not protect scènes à faire flowing from the</u>

18                              <u>basic idea.</u>

19          Under the scènes à faire doctrine, expressions that are "indispensable and naturally

20  associated with the treatment of a given idea are treated like ideas and are therefore not protected

21  by copyright." *Rice*, 330 F.3d at 1175 (internal quotations omitted).  Just as basic ideas receive no

22  copyright protection, scènes à faire receive no protection and must be filtered out.  *See, e.g.*,

23  *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985).

24          In *Diamond Foods, Inc. v. Hottrix, LLC*, No. 14-cv-03162-BLF, 2016 WL 3880797 (N.D.

25  Cal. July 18, 2016), for example, this Court dismissed copyright infringement claims concerning

26  two mobile apps depicting popcorn, concluding that "no copyright protection may be afforded to

27  the idea of producing an app with popcorn popping on a mobile device screen or to elements of

28  expression that 'naturally flow' from such an idea." *Id.* at *6.  Similarly, no copyright protection

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
Tel (310) 579-9600

1   should be afforded to Voodoo's basic idea of a navigational game where the user tries to move an

2   avatar down a path through a series of obstacles.  Any such game can predictably be expected to

3   include an avatar, a path to travel, obstacles, and a finish line.  No protection should be afforded to

4   these elements that naturally flow from the basic idea.

5       Therefore, to the extent that *Shape Shifter 3D* and *Jelly Shift* are similar in expression due

6   to scènes à faire, such similarities do not violate Voodoo's copyright.

7               c)        Copyright does not protect game mechanics, rules, or

8                         common game elements.

9       Game mechanics, play, and rules are not entitled to copyright protection.  *See*, *e.g.*, *Tetris*

10  *Holding, LLC v. Xio Interactive, Inc.*, 863 F. Supp. 2d 394, 404 (D.N.J. 2012).  Abstract rules and

11  play ideas as well as "premises or ideas underlying" games are similarly not protectable.  *Anti-*

12  *Monopoly, Inc. v. Gen. Mills Fun Grp.*, 611 F.2d 296, 300 n.1 (9th Cir. 1979) ("business ideas,

13  such as game concept, cannot be copyrighted").

14      Even game design, where the design is a mere function of the game's rules, is not

15  protected.  In *Spry Fox LLC v. LOLApps Inc.*, No. 2:12-cv-00147-RAJ, 2012 WL 5290158 (W.D.

16  Wash. Sept. 18, 2012), the court found that a six-by-six grid for a "match-three" puzzle game was

17  not an expressive choice entitled to protection because the size of the grid was dictated by the

18  game's rules and gameplay.  *Id*. at *6.  There, the court acknowledged that other size grids could

19  have, perhaps, served the game's purpose, but held that "it would extend copyright protection

20  beyond its proper scope to afford protection to [such] a functionally-dictated choice."  *Id.*

21      Moreover, elements common in many video game apps in the "hyper casual" genre are not

22  protected.  When similar features in a game are "as a practical matter indispensable, or at least

23  standard, in the treatment of a given [idea]," they are treated like ideas and are therefore not

24  protected by copyright.  *Frybarger v. Int. Bus. Machines Corp.*, 812 F.2d 525, 530 (9th Cir. 1987)

25  (internal quotations and citations omitted); *see also Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d

26  204 (9th Cir. 1988) (specific moves, referee, and scoring systems scènes à faire to realistic

27  portrayal of competitive sport of karate); *Capcom Co., Ltd. v. MKR Grp., Inc.*, No. C 08-0904 RS,

28  2008 WL 4661479, at *10 (N.D. Cal. Oct. 20, 2008) (characters fighting zombies in a suburban

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
(310) 579-9600

14

1  mall, including by using propane tanks and chainsaws are scènes à faire elements of zombie

2  survival games); *Team Play, Inc. v. Boyer*, 391 F. Supp. 2d 695, 702 (N.D. Ill. 2005) (shooting

3  challenge elements, including "floating" targets and "silver iconic objects" indicating completed

4  challenges, are scènes à faire to shooting games); *Capcom U.S.A., Inc. v. Data East Corp.*, No. C

5  93-3259-WHO, 1994 WL 1751482, at *8-9 (N.D. Cal. Mar. 16, 1994) ("vitality bar" and common

6  martial-arts punches and kicks are scènes à faire for fighting games).

7       Accordingly, any similarities between *Shape Shifter 3D* and *Jelly Shift* based on

8  unprotectable elements such as game mechanics, game play, and common game elements must

9  likewise be filtered out from any infringement analysis.

10            d)      <u>Copyright does not protect elements that are not original to</u>

11                <u>Voodoo.</u>

12       "The *sine qua non* of copyright is originality.  To qualify for copyright protection, a work

13  must be original to the author." *Feist*, 499 U.S. at 345.  The court must therefore also filter out

14  "elements borrowed from another author or from the 'public domain.'" *Bethea v. Burnett*, No.

15  CV04-7690JFWPLAX, 2005 WL 1720631, at *10 (C.D. Cal. June 28, 2005).

16       Voodoo's claimed similarities between the games—the player interface, level designs,

17  avatar, colors and shapes (Compl. ¶ 38)—are unoriginal, stock elements that are ubiquitous in

18  hyper casual video game apps.  Voodoo did not originate these elements.

19       Indeed, the idea of a navigational game where the goal is to bypass obstacles while

20  traveling along a path is not original to *Shape Shifter 3D*.  A simple Internet search reveals that

21  navigational games with similar design and game function predate Voodoo's May 23, 2019

22  release of *Shape Shifter 3D*.  For example, one YouTube user published a video of a game called

23  *Momentum* on July 25, 2017,[4] while another YouTube user published a video of a game called

24

25

26

27  [4] Shortjustin, *Momentum | My Second Game (Unity)*, YouTube (July 25, 2017),
    https://youtu.be/d4Qrq-NOlO4.

28

Frankfurt Kurnit Klein + Selz PC
28 29 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

1   *Shape Change* on March 18, 2019.[5]  In addition, several other navigational games were released

2   on the Google Play store before Voodoo's *Shape Shifter 3D*: (1) Synclusive Innovation Ltd

3   released a game called *Shape Shifter* on November 1, 2018;[6] (2) G App Solutions released a game

4   called *Shape Changer – Geometric Puzzle* on September 5, 2018;[7] and (3) Jas Development

5   released a game called *Shape Shift* on July 14, 2018.[8]  Voodoo's lack of original authorship is fatal

6   to its copyright infringement claim.

7                                    e)        Voodoo cannot show substantial similarity in any protectable

8                                              expression.

9       As detailed above, it is well-established that "[n]ot all copying . . . is copyright

10  infringement."   *Feist*, 499 U.S. at 361.  Indeed, the Copyright Office has advised that:

11          Copyright does not protect the idea for a game, its name or title, or the method or
            methods for playing it.  Nor does copyright protect any idea, system, method,
12          device, or trademark material involved in developing, merchandising, or playing a
            game.  ***Once a game has been made public, nothing in the copyright law prevents***
13          ***others from developing another game based on similar principles.***  Copyright
            protects only the particular manner of an author's expression in literary, artistic, or
14          musical form.

15

16  U.S. Copyright Office, *Copyright Registration of Games*, http://www.copyright.gov/fls/fl108.pdf

17  (emphasis added) (last visited Feb. 5, 2020); *see also Batjac Prods. Inc. v. GoodTimes Home*

18  *Video Corp.*, 160 F.3d 1223, 1230 (9th Cir. 1998) (recognizing judicial deference to Register's

19  reasonable interpretations of copyright law).

20

21  _____

22  [5] Ragendom, *Shape Change – Complete Game Template [Unity Asset]*, YouTube (Mar. 18, 2019),
    https://youtu.be/4Xw2L__ZYyc.

23  [6] Shape Shifter - Apps on Google Play

24  https://play.google.com/store/apps/details?id=com.shapeswitch.synclusive (last visited Feb. 4,
    2020).

25  [7] Shape Changer – Geometric Puzzle - Apps on Google Play

26  https://play.google.com/store/apps/details?id=com.gappsolutions.shapecolorswitch (last visited
    Feb. 4, 2020).

27  [8] Shape Shift - Apps on Google Play

28  https://play.google.com/store/apps/details?id=com.im.shapeshiftgame (last visited Feb. 4, 2020).

Frankfurt Kurnit Klein+Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

Frankfurt Kurnit Klein + Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

1    Likewise, the Copyright Office confirms: "The Copyright Act **does not protect common**
2    **geometric shapes**, either in two-dimensional or three-dimensional form.  There are numerous
3    common geometric shapes, including, without limitation, straight or curved lines, . . . squares,
4    cubes, [and] rectangles . . . ."  U.S. Copyright Office, Compendium of U.S. Copyright Office
5    Practices § 906.1 (3d ed. 2017), https://www.copyright.gov/comp3/docs/compendium.pdf
6    (emphasis added) (last visited Feb. 13, 2020).

7        Contrary to this clear direction, Voodoo seeks to hold SayGames liable for developing a
8    "copycat game" "based on the same underlying mechanics as in *Shape Shifter 3D*"—which, like
9    game ideas and other function elements, is not protected by copyright law.  (Compl. ¶¶ 17, 27, 35,
10   36.)  In fact, the only elements of *Shape Shifter 3D* that Voodoo alleges are its "protectable
11   expression" are: "the player interface, level designs, avatar, color combination, specific shapes and
12   objects, graphic and sound effects,[9] and game progression."  (Compl. ¶ 38.)  Voodoo, however,
13   does not identify how SayGames copied any of these allegedly protectable elements.  Voodoo's
14   Complaint merely recites general categories of allegedly protectable expression and then cherry
15   picks still images from the games purporting to show similarities.  A cursory review of the parties'
16   works nevertheless reveals that the games' protectable expressions are actually quite dissimilar.

17       *First*, the player interface, level designs, and avatars in the apps are different.  The design
18   of *Shape Shifter 3D*'s path follows a straight line and extends to the bottom of the screen, while
19   *Jelly Shift*'s path design curves and appears to float above the bottom of the screen.  The avatar in
20   *Shape Shifter 3D* is an orange rectangle with pointed corners (Compl. ¶ 37), while *Jelly Shift*'s
21   avatar starts off as a red rectangle with rounded edges, and players later earn the ability to
22   "customize" their avatar with various faces.  And unlike the *Shape Shifter 3D* avatar, the *Jelly
23   Shift* avatar projects ahead of the player's progress to allow the player to more easily navigate
24   through gates and across bridges.

25       *Second*, the graphics, color combinations, shapes, and objects in the games are different.
26   The overall game graphics themselves differ, including the designs of the pathways, gates, and

27   ─────────────────────
28   [9] Notably, *Shape Shifter 3D* does not contain any sound effects.  It is thus unclear what protectable
     expression Voodoo purports to have in "sound effects."

17                                                    Case No. 3:19-cv-07480

bridges,  Further, while *Jelly Shift* players attempt to navigate only through gates and across

bridges, *Shape Shifter 3D* players are met with "successively difficult obstacles that includes [sic]

gates, walls, bridges, and other obstacles." (Compl. ¶ 37.)  The *Jelly Shift* obstacles also remain

static while some *Shape Shifter 3D* obstacles move.  In addition, *Shape Shifter 3D* players collect

yellow tokens while *Jelly Shift* players collect purple gems.

*Third*, the game progression is entirely different.  In *Shape Shifter 3D*, as the avatar moves

down the path, players attempt to avoid all of the obstacles and collect as many tokens as possible.

(Compl. ¶ 20.)  If the player's avatar hits an obstacle, she fails the level.  In *Jelly Shift*, players

attempt to avoid the obstacles, but hitting an obstacle breaks the obstacle and slows the avatar's

progress, but does not result in a failed level.  In addition, rather than attempting to collect tokens

during each level, *Jelly Shift* players are able to collect gems through special games of chance after

successfully completing a level, and occasionally are able to play dedicated "Gem Rush" levels.

*Jelly Shift* players also enter "fever mode" as soon as their "fever meter" is filled, which allows

players to crash through obstacles.  None of these features are present in *Shape Shifter 3D*.

*Fourth*, the games have different goals.  The object of *Jelly Shift* is to catch the food with

the avatar while traveling through the level, which is why crashing into an obstacle slows the

avatar down, but does not fail the level.  *Shape Shifter 3D*'s objective, on the other hand, is simply

to pass through obstacles.  Once you hit an obstacle, you lose.

Thus, Voodoo's copyright infringement claim fails for the additional reason that there is no

actionable similarity between protectable elements of Voodoo's *Shape Shifter 3D* and SayGames's

*Jelly Shift*.  Count I should, accordingly, be dismissed with prejudice.

### B.   Voodoo's Remaining Claims are Preempted by the Copyright Act to the Extent They Rely on the Same Infringement Allegations

The Copyright Act expressly preempts any state law or claim asserting "rights equivalent

to any of the exclusive rights" granted under the Copyright Act.  17 U.S.C. § 301; *see also Dastar*

*Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 36-37 (2003) (claims arising from

unauthorized use of copyrightable works are within the exclusive domain of the Copyright Act,

and are not actionable under the Lanham Act); *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1019

18

Case No. 3:19-cv-07480

Frankfurt Kurnit Klein + Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

1  (9th Cir. 2017) (rights asserted by plaintiff under California law were equivalent to rights within

2  general scope of copyright, and thus common law claims for violation of California's Unfair

3  Competition Law were preempted by the Copyright Act).

4      Therefore, the portions of Voodoo's remaining claims that rely on *Jelly Shift*'s alleged

5  substantial similarity to *Shape Shifter 3D* are preempted by the Copyright Act.

6  **C.**   **Voodoo Fails to State a Plausible Claim for Trade Dress Infringement**

7         **Under the Lanham Act**

8      To prevail on its claim for trade dress infringement Voodoo must show that "(1) the trade

9  dress is inherently distinctive or has acquired distinctiveness through secondary meaning; (2) there

10 is a likelihood that the public will be confused by the infringing use; and (3) the trade dress is non-

11 functional." *Stephen W. Boney, Inc., v. Boney Servs., Inc.*, 127 F.3d 821, 828 (9th Cir. 1997).

12     Voodoo defines its unregistered trade dress as the "*Shape Shifter 3D* icon." (Compl. ¶ 75.)

13 Voodoo claims in conclusory fashion that its icon has "inherently distinctive design features" (*id.*),

14 but does not identify the distinctive elements.  Nor does Voodoo attempt to allege that its icon has

15 acquired distinctiveness through secondary meaning.  A lack of inherent or acquired

16 distinctiveness is fatal to Voodoo's trade dress claims.

17     That shortcoming notwithstanding, Voodoo's trade tress infringement claim fails because

18 consumer confusion is not likely as a matter of law, as a side-by-side comparison reveals.  While

19 *Shape Shifter 3D*'s avatar is oriented horizontally near the top of the icon, *Jelly Shift*'s avatar is

20 oriented vertically and dominates the forefront.  (Compl. ¶ 33.)  In addition, *Shape Shifter 3D*'s

21 avatar is located in between two obstacles, while the *Jelly Shift* avatar is in front of a single

22 obstacle.  (*Id.*)  *Jelly Shift*'s avatar is also translucent with rounded edges, but *Shape Shifter 3D*'s

23 avatar is opaque with pointed edges.  (*Id.*)  Moreover, the majority of *Shape Shifter 3D*'s icon is a

24 white path.  *Jelly Shift*'s icon, on the other hand, is only white on the bottom and contains a

25 predominantly blue background.  (*Id.*)  The *Jelly Shift* avatar also contains speed lines to make it

26 appear as though the avatar is in motion, while the *Shape Shifter 3D* avatar does not.  (*Id.*)

27     Indeed, Voodoo's Complaint unwittingly concedes a lack of confusion.  Voodoo alleges

28 that "[s]oon after SayGames released *Jelly Shift*, Voodoo began receiving complaints from players

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

19

Case No. 3:19-cv-07480

1   believing that *Shape Shifter 3D* was a knock-off version of *Jelly Shift* . . . ."  (*Id*. ¶ 42.)  Voodoo

2   also cites to an online video game blog where the reviewer thought that *Shape Shifter 3D* had

3   improved *Jelly Shift*.  *Id*.  Far from establishing actionable confusion, these allegations

4   demonstrate consumer recognition that the products at issue are offerings by different developers.

5   *See Spry Fox*, 2012 WL 5290158, at *9 (noting that even if consumers might consider defendant's

6   game to be a knockoff of plaintiff's game, "that consumer would likely recognize that different

7   companies produced the two games").

8           Where the Complaint itself demonstrates that confusion is not likely as a matter of law,

9   dismissal is appropriate.  Voodoo's mere conclusory allegation of confusion and rote recitation of

10  the Lanham Act's language is insufficient to survive a motion to dismiss.  Compl. ¶ 76 (alleging

11  without factual support the "*Jelly Shift* icon and packaging infringes the *Shape Shifter 3D* trade

12  dress because it causes consumer confusion"); *see also Globefill, Inc. v. Elements Spirit, Inc.*, No.

13  CV 10-2034 CBM (PLAx), 2010 WL 11458631, at *6 (C.D. Cal. June 22, 2010) (finding that a

14  conclusory allegation as to consumer confusion fails to plausibly plead the necessary element of

15  confusion); *Smith & Hawken, Ltd. v. Gardendance, Inc.*, No. C04-1664 SBA, 2004 WL 2496163,

16  at *3 (N.D. Cal. Nov. 5, 2004) (same).

17          Accordingly, Count II should be dismissed with prejudice.

18          **D.**      **Voodoo Fails to State a Plausible Claim for False Advertising Under**

19                   **the Lanham Act**

20          To establish a viable claim for false advertising under the Lanham Act, Voodoo must

21  establish:  "(1) a false statement of fact by the defendant in a commercial advertisement about its

22  own or another's product; (2) the statement actually deceived or has the tendency to deceive a

23  substantial segment of its audience; (3) the deception is material, in that it is likely to influence the

24  purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and

25  (5) the plaintiff has been or is likely to be injured as a result of the false statement."  *Southland*

26  *Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

27          Voodoo's false advertising claim is premised on misrepresentation or fraud.  *See* Compl.

28  ¶ 81 ("SayGames intentionally and falsely misrepresented to potential customers . . .");  Compl.

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579-9600

20

Case No. 3:19-cv-07480

¶ 82 ("SayGames' fraudulent conduct has harmed the consuming public . . ."). As such, Voodoo

is required to "state with particularity the circumstances constituting fraud or mistake." Fed. R.

Civ. P. 9(b); *Cisco Systems, Inc. v. Beccela's Etc., LLC*, 403 F. Supp. 3d 813, 827 (N.D. Cal.

2019) (this Court noted that while the Ninth Circuit has yet to address the issue, many district

courts have concluded that Rule 9(b) applies to Lanham Act claims that are grounded in fraud).

To satisfy Rule 9(b), Voodoo must state the "who, what, when, where, and how" of the

misconduct charged in the Complaint. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

Cir. 2003) (citations omitted). Further, Voodoo must set forth what is false or misleading about a

statement, and why it is false. *Id.*

With respect to its false advertising claim, Voodoo alleges that "SayGames stole

substantial portions of Voodoo's promotional video for *Shape Shifter 3D*, also posted it on

Facebook, and used it to promote *Jelly Shift*." (Compl. ¶ 30.) The Complaint, however, only

identifies a single frame of a video that was allegedly reproduced. (*Id.*) Nowhere does Voodoo

allege how SayGames used this frame in advertising or, significantly, what false or misleading

statement SayGames allegedly made in the advertising incorporating this frame. Finally, Voodoo

alleges no facts at all, much less with particularity, from which one could plausibly conclude that

posting a portion of the *Shape Shifter 3D* video on Facebook was material, i.e., likely to influence

consumer purchasing decisions.

Voodoo's failure to identify the false statement at issue, let alone with the heightened

particularity required by Rule 9(b), requires dismissal. *See*, *e.g.*, *EcoDisc Tech. AG v. DVD

Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010) (dismissing Lanham

Act false advertising claim because plaintiff did not "specify[ ] which statements are allegedly

false or set[ ] forth what is false or misleading about such statements," and thus failed to meet

its Rule 9(b) burden). Voodoo has also failed to satisfy the Lanham Act's other requirements that

the representation "actually deceived or has the tendency to deceive a substantial segment of its

audience" or that the "deception is material." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d

1134, 1139 (9th Cir. 1997). Voodoo's conclusory allegation that "SayGames' fraudulent conduct

has harmed the consuming public by causing confusion" (Compl. ¶ 82) is similarly inadequate to

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

1   sustain a false advertising claim, particularly when there is no alleged misstatement.  In fact, the

2   false advertising claim appears to be nothing more than a claim that SayGames allegedly

3   reproduced a portion of Voodoo's promotional video (*id.* ¶ 31), which arises under the Copyright

4   Act, and is therefore preempted, as noted above.  Accordingly, the Court should dismiss Count III

5   with prejudice.

6          E.     **Voodoo Fails to State a Plausible Claim for False Advertising Under**

7                 **California's False Advertising Law**

8          Because Voodoo's claim under the Lanham Act is deficient, the derivative state law claim

9   under § 17500 of the California Business and Professions Code likewise fails.  *See*, *e.g.*,

10  *Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.,* 84 F.3d 1143, 1152–53 (9th Cir. 1996), *abrogated on*

11  *other grounds* (dismissal of plaintiff's § 17200 and § 17500 claims were proper since plaintiff's

12  Lanham Act claim was properly dismissed).  Voodoo's Count IV for false advertising under

13  California state law must therefore be dismissed with prejudice.

14         F.     **Voodoo Fails to State a Plausible Claim for Unfair Competition Under**

15                **California's Unfair Competition Law**

16         The court should dismiss Voodoo's fifth cause of action for failure to sufficiently allege a

17  cause of action under California's Unfair Competition Law ("UCL").  In its Complaint, Voodoo

18  alleges that SayGames's business practices violate only the "unlawful and/or unfair" prongs of the

19  UCL, and makes no allegation that SayGames's business practices are "fraudulent."  (Compl.

20  ¶ 91.)

21         Under the UCL's "unlawful" prong, Voodoo must allege facts sufficient to show a

22  violation of a specific underlying law.  *See McNeary-Calloway v. JP Morgan Chase Bank*, 863 F.

23  Supp. 2d 928, 960 (N.D. Cal. 2012).  As explained above, to the extent that Voodoo's unfair

24  competition claim is based on the alleged infringement of Voodoo's copyright, it is preempted by

25  the Copyright Act.  Moreover, dismissal of Voodoo's Lanham Act claims compels dismissal of

26  the UCL claim predicated on the unlawful prong because there is no underlying Lanham Act

27  violation.  *See Coffen v. Home Depot U.S.A. Inc.*, No, 16-cv-03302-PJH, 2016 WL 4719273, at *7

28  (N.D. Cal. Sept. 9, 2016) (when a "statutory claim fails, [the] derivative UCL claim also fails");

Frankfurt Kurnit Klein + Selz ₚₖ
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P: (310) 579 9600

22                                    Case No. 3:19-cv-07480

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES

1   *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("This Circuit has consistently held

2   that state common law claims of unfair competition and actions pursuant to California Business

3   and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham

4   Act.").

5          The UCL's "unfair" prong protects against "conduct that threatens an incipient violation of

6   antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable

7   to or the same as a violation of the law or otherwise significantly threatens or harms competition."

8   *Cel-Tech Comm. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  Voodoo fails to

9   allege any harm to competition, much less a violation of the policy or spirit of a specific antitrust

10  law.  *See, e.g.*, *TreeFrog Developments, Inc. v. Seidio*, No. 13-cv-0158-IEG, 2013 WL 4028096,

11  at *5 (S.D. Cal. Aug. 6, 2013) (dismissing counterclaim for unfair competition under Rule

12  12(b)(6) for failure to allege the requisite violation of policy or spirit of an antitrust law).

13         Accordingly, Voodoo has failed to plead any facts sufficient to state a claim for violation

14  of the UCL and Count V should, therefore, be dismissed.

15  **V.    CONCLUSION**

16         For the foregoing reasons, SayGames respectfully requests that the Court dismiss the

17  Complaint in its entirety, with prejudice.

18

19  DATED:  February 18, 2020              FRANKFURT KURNIT KLEIN + SELZ PC

20

21                                        By:  _____/s/ Craig B. Whitney_____

22                                              Craig B. Whitney
                                                Jessica R. Medina
23                                              Attorneys for Defendant SayGames, LLC

24

25

26

27

28

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

NOTICE OF MOTION AND MOTION OF SAYGAMES LLC TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES