UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VOODOO SAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAYGAMES LLC,<br><br>　　　　Defendant. | Case No. 19-cv-07480-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>[Re: ECF 29] |

For the reasons stated on the record at the hearing on April 16, 2020, and discussed below, Plaintiff's motion for leave to conduct jurisdictional discovery (ECF 29) is DENIED WITHOUT PREJUDICE.

Plaintiff Voodoo SAS, a French mobile game app developer, sues Defendant SayGames LLC, a Belarusian mobile game app developer, for copyright infringement and related claims arising out of SayGames' alleged copying of Voodoo's mobile game app *Shape Shifter 3D*. *See* Compl., ECF 1. Voodoo alleges that SayGames' mobile game app *Jelly Shift* is "a clone of *Shape Shifter 3D* that incorporates *Shape Shifter 3D's* protectable and distinctive elements." Compl. ¶ 2. SayGames has responded by moving to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)6), for lack of personal jurisdiction and failure to state a claim, respectively. *See* Motion to Dismiss, ECF 22.

After the motion to dismiss was filed, the parties submitted a stipulated request to allow Voodoo to file a motion for leave to conduct jurisdictional discovery prior to completion of briefing on the motion to dismiss. *See* Stipulation, ECF 27. The Court approved the stipulation with minor modifications. *See* Order Addressing the Parties' Joint Stipulation, ECF 28. Voodoo's present motion for leave to conduct jurisdictional discovery thereafter was filed and briefed. *See*

Motion for Leave, ECF 29; Opposition, ECF 30; Reply, ECF 31; Discovery Plan, ECF 34; Response to Discovery Plan, ECF 36. As discussed at the hearing, both the parties and the Court expected that addressing jurisdictional discovery issues before litigating the motion to dismiss would be most efficient. However, this has turned out not to be the case.

A district court has "broad discretion" to permit or deny discovery to aid in determining whether it has personal jurisdiction. *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir.1986) (trial court has "broad discretion to permit or deny discovery"); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir.1977) ("A court may permit discovery to aid in determining whether it has *in personam* jurisdiction."). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quotation marks and citation omitted).

Voodoo argues that jurisdictional discovery is warranted on both grounds. First, Voodoo contends that the existence of controverted facts is established by the declaration of SayGames' Chief Operating Officer, Dzianis Vaihanski, offered in support of SayGames' motion to dismiss. At the hearing, the Court questioned whether Mr. Vaihanski's declaration controverts any facts alleged in the complaint or contains any facts relevant to specific jurisdiction rather than general jurisdiction. The Court indicated that it did not understand Voodoo to be asserting general jurisdiction. Voodoo's counsel responded that he expected that Voodoo's brief in opposition to the motion to dismiss would focus on specific jurisdiction, but that he was not prepared to waive the assertion of general jurisdiction. Consequently, it is unclear at this time whether Mr. Vaihanski's declaration creates controverted facts that would necessitate jurisdictional discovery. With respect to Voodoo's argument that discovery is necessary to a more satisfactory showing of jurisdictional facts, the Court finds it difficult to evaluate that argument without having the benefit of the parties' briefing on certain legal issues raised in the motion to dismiss. Even if the Court were persuaded that some jurisdictional discovery is warranted, the scope of the discovery proposed by Voodoo appears too broad, at least on the present record.

After discussing these issues with the parties at the hearing, the Court concludes that the

most sensible course is to deny Voodoo's present motion without prejudice to Voodoo's ability to argue the necessity for jurisdictional discovery in the context of its opposition to SayGames' motion to dismiss.  While the Court appreciates the parties' goal of efficiency in raising the discovery issues in advance of the motion to dismiss, in this particular case it appears that consideration of Voodoo's request for discovery in conjunction with SayGames' motion to dismiss better will allow the Court to address the parties' arguments in an orderly fashion.

**ORDER**

Voodoo's motion for leave to conduct jurisdictional discovery is DENIED WITHOUT PREJUDICE.

This order terminates ECF 29.

Dated:  April 16, 2020

_____
BETH LABSON FREEMAN
United States District Judge